IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**KENNETH ALLEN SMITH,** **PETITIONER**

v. No. 2:06CV149-P-A

**LEPHER JENKINS, ET AL.** **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Kenneth Allen Smith for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has answered the petition, and the petitioner has replied. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed with prejudice.

### Facts and Procedural Posture

The petitioner was convicted of fondling (Count One) and sexual battery (Count Two) in the Circuit Court of DeSoto County, Mississippi. State Court Record, ("S.C.R."), Vol. 1, pg. 113. On May 9, 2003, the petitioner was sentenced to fifteen years on Count One and twenty years on Count Two – with five years suspended and fifteen years to serve – to be served concurrently in the custody of the Mississippi Department of Corrections without the possibility of parole. S.C.R., Vol. 1, pp. 122-123. The petitioner was also ordered to register as a sex offender upon release from incarceration. *Id.* He is currently housed at the Marshall County Correctional Facility in Holly Springs, Mississippi.

He appealed his convictions and sentences to the Mississippi Court of Appeals, citing as error (as stated by the petitioner through counsel):

1. Plain error exists in the Appellant's statement.

2. The verdict of the jury is against the overwhelming weight of the evidence.

3. The Court improperly denied the Appellant the right to question the prosecution witnesses about their refusal to speak with defense counsel before trial.

4. The request for the lesser-offense instruction was improperly denied.

5. Improper closing argument by the prosecutor demands a new trial.

The state court of appeals considered these claims and found them to be without merit, affirming Smith's convictions and sentences. *Smith v. State*, 907 So.2d 389 (Miss. App. 2005), *reh'g. denied* May 17, 2005, *cert. denied* July 21, 2005 (Cause No. 2003-KA-01063-COA).

The petitioner appealed this decision to the Mississippi Supreme Court in an Application for Leave to Proceed to the Trial Court, assigning as error (as stated by the petitioner *pro se*):

1. That counsel was ineffective in his assistance by not filing adequate pre-trial motions for the defense.

2. That counsel was ineffective in his assistance by failing to conduct a reasonable investigation of the facts of the case and witnesses for the State and defense.

3. Petitioner was denied his right of due process by the State's knowing introduction of false testimony of Danielle McKenzie and by and through ineffective counsel as a result of counsel's failure to investigate and become familiar with the facts of the case and interview all the witnesses.

4. That counsel was ineffective in his representation and the court violated Petitioner's right to due process when it amended the indictment.

The Mississippi Supreme Court considered these arguments and denied the petitioner's application on July 26, 2006, holding "[a]fter review of the pleadings and the record, this panel finds that Petitioner's allegations do not meet the standard in *Strickland v. Washington*, 466 U.S. 668 (1984), and the Application for Leave to Proceed to the Trial Court should be denied."

Smith raises the following grounds for relief in the instant federal petition for a writ of *habeas corpus* (set forth verbatim below as stated by the petitioner):

**Ground One:** Mississippi Supreme Court rendered a decision which is in conflict with a prior decision of the COA or published Supreme Court decision.

**Ground Two:** [The Mississippi] Supreme Court does not regularly deny vast majority of ineffective assistance of trial counsel claims based on counsel's failure to investigate.

**Ground Three:** Plaintiff was denied his constitutional right to due process, by and through counsel's failure to file adequate pre-trial motions subpoena records and witnesses.

**Ground Four:** Plaintiff was denied his constitutional right of due process when the prosecution knowingly introduced false testimony of a state witness.

**Ground Five:** That Petitioner was denied his constitutional rights under the Fifth Amendment of the United States Constitution when questioned after being arrested without being advised of his rights and without the benefit of counsel.

**Ground Six:** That Petitioner was denied his constitutional right at due process when the court allowed the indictment to be amended and waited until the defense had rested before amending the indictment.

**Ground Seven:** That Petitioner was denied his constitutional right of due process when the state knowingly withheld discovery material concerning two of the alleged allegations in the original indictment and by and through counsel's failure to raise this issue during trial or on direct appeal.

**Grounds One, Two, and Six: Issues of State Law**

Grounds One, Two and Six are issues of state law and thus not appropriate for federal *habeas corpus* review. A state's interpretation of its own laws or rules is no basis for

federal *habeas corpus* relief because no constitutional question is involved. *Bronstein v. Wainwright,* 646 F.2d 1048, 1050 (5th Cir. 1981). Federal *habeas corpus* relief is appropriate only when a conviction has been obtained in violation of some constitutionally protected right. *Smith v. Phillips,* 455 U.S. 209, 221 (1981). A "mere error of state law" is not a denial of due process. *Engle v. Isaac,* 465 U.S. 107, 121 and n.21, 102 S.Ct. 1558 and n.21, 71 L.Ed.2d 783 (1982).

In Grounds One and Two the petitioner claims that the Mississippi Supreme Court should not have denied his Application to Proceed in the Trial Court without first granting his request for an evidentiary hearing. State post-conviction proceedings are governed by the Mississippi Uniform Post-Conviction Collateral Relief Act. MISS. CODE ANN. § 99-39-1 *et seq.* Under state law, the petitioner was required to file an application and motion with the Mississippi Supreme Court seeking leave to proceed in the trial court. MISS. CODE ANN. § 99-39-27. Upon receipt of the application, the supreme court could either grant or deny it. MISS. CODE ANN. § 99-39-27(5), (6). If the Mississippi Supreme Court had found that the petitioner demonstrated a denial of a state or federal right, then the court could have granted relief – or remanded for further proceedings in the trial court. MISS. CODE ANN. § 99-39-27(7).

In this case, however, the Mississippi Supreme Court held that the petitioner's claims were without merit. As such, the application was denied. "[M]ere errors of state law are not the concern of this Court . . . unless they rise for some other reason to the level of a denial of rights protected by the United States Constitution." *Wainwright v. Goode,* 464 U.S. 78, 104 S.Ct. 378, 78 L.Ed.2d 187 (1993). Kenneth Allen Smith has asserted no denial of a constitutional right in his federal petition. The state post-conviction process is a matter of state law and thus not

appropriate for *habeas corpus* review.  The alleged violation of state rules, without more, is not a cognizable ground for *habeas corpus* relief.  *Edwards v. Butler,* 882 F.2d 160, 164 (5th Cir. 1989) (citations omitted).

The petitioner also argues that the Mississippi Supreme Court has not been uniform in its handling of ineffective assistance of counsel claims – except when it first requires an evidentiary hearing.  The petitioner has not, however, set forth facts or legal authority to support this claim.  As such, the claim must be dismissed with prejudice.  *Schlang v. Heard,* 691 F.2d 796, 798 (5th Cir. 1982) (conclusory allegations do not raise a constitutional issue in a federal *habeas corpus* proceeding), *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983).  As such, the petitioner's claims in Grounds One and Two must be dismissed with prejudice.

In Ground Six, the petitioner argues that he was denied due process when the state was allowed to amend the indictment to change the dates on which the sexual misconduct occurred.[1]  This amendment was first raised during the pre-trial motions, S.C.R., Vol. 3, pp. 22-24, and was made final during the discussion of jury instructions, S.C.R., Vol. 4, pp. 271-273.  The sufficiency of a state indictment is not a matter for federal *habeas corpus* relief unless it the indictment was so defective that the convicting court had no jurisdiction.  *Riley v. Cockrell,* 339 F.3d 308, 313-14 (5th Cir. 2003); *Williams v. Collins,* 16 F.3d 626, 637 (5th Cir. 1994) (citing *Yohey v. Collins,* 985 F.2d 222, 229 (5th Cir.1993); *McKay v. Collins,* 12 F.3d 66, 68 (5th Cir. 1994) (*citing Branch v. Estelle,* 631 F.2d 1229 (5th Cir. 1980)).  "State law dictates whether a state indictment is sufficient to confer a court with jurisdiction." *Williams,* 16 F.3d at 637.

---

[1] The petitioner also challenges amendment of the indictment to omit two of the counts with which he was originally charged.  He did not, however, address this argument in Ground Six.  The court shall discuss below the removal of two counts from the indictment.

Further, the Fourteenth Amendment right to due process requires that a criminal defendant be provided with "notice [of the charges against him] and a meaningful opportunity to defend." *Jackson v. Virginia*, 443 U.S. 307, 314, 99 S.Ct. 2781 (1979).

The petitioner had both notice of the charges and a meaningful opportunity to defend against them. As such, he has not suffered a denial of due process. At the time of trial, the defense was in possession of the Horn Lake Police Department reports as well as the victims' statements. S.C.R., Vol. 1, pg. 17. Therefore, the petitioner had notice of the victim's claims, the dates of the occurrences, and was able to defend against these charges. The petitioner also argues that he intended to offer an alibi because he was on a business trip in Milwaukee, Wisconsin on the dates alleged in the indictment. This defense was never raised in the trial record, *and the victims stated that the sexual abuse occurred shortly **before** the petitioner's business trip*. This evidence obviously counters the petitioner's alleged alibi defense. Therefore, the petitioner enjoyed due process when the indictment was amended. As this allegation does not state a constitutional claim, the Mississippi Supreme Court's decision to deny relief on this claim was purely a matter of state law – and not a matter giving rise to a federal *habeas corpus* claim. Therefore, this state law claim shall be dismissed with prejudice.

### Grounds Reviewed on the Merits in State Court

The Mississippi Supreme Court has already considered Grounds Three, Four, Five, and Seven on the merits and decided those issues against the petitioner. These claims are thus barred from *habeas* review by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d), unless they meet one of its two exceptions:

> (d) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings *unless* the adjudication of the claim–
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* (emphasis added). The first exception, subsection (d)(1), applies to questions of law. *Morris v. Cain*, 186 F.3d 581 (5th Cir. 2000). The second exception, subsection (d)(2), applies to questions of fact. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997). Since the petitioner's claims challenge both the application of law and the finding of fact, this court must consider the exceptions in both subsections.

Under subsection (d)(1), a petitioner's claim merits *habeas* review if its prior adjudication "resulted in a decision that was *contrary to*, or involved an *unreasonable application* of, clearly established Federal law." *Id.* (emphasis added). A state court's decision is *contrary to* federal law if it arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or if it decides a case differently from the Supreme Court on a set of "materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523 (2000). A state court's decision involves an *unreasonable application of* federal law if it identifies the correct governing principle but unreasonably (not just incorrectly) applies that principle to facts of the prisoner's case; this application of law to facts must be *objectively* unreasonable. *Id.* at 1521. As discussed below, the petitioner has not shown that the Mississippi Supreme Court unreasonably

applied the law to the facts, or that the court's decision contradicted federal law. Accordingly, the exception in subsection (d)(1) does not apply to Grounds Three, Four, Five, and Seven of the petitioner's claim.

Nevertheless, under § 2254(d)(2) these grounds may still merit review if those facts to which the supreme court applied the law were determined unreasonably in light of the evidence presented. Because the supreme court is presumed to have determined the facts reasonably, it is the petitioner's burden to prove otherwise, and he must do so with clear and convincing evidence. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1). As discussed below, the petitioner has failed to meet this burden; as such, he cannot use subsection (d)(2) to move these claims beyond § 2254(d), which bars from *habeas corpus* review issues already decided on the merits.

In Ground Three and portions of Grounds Four and Seven, the petitioner claims that counsel was ineffective.[2] To merit *habeas corpus* relief on a claim of ineffective assistance of counsel, a petitioner must prove both constitutionally deficient performance by counsel and actual prejudice as a result of the deficient performance. *Strickland v. Washington*, 466 U.S. 668 (1984), *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994). Failure to establish either element of the *Strickland* test requires rejection of his claim. *Moawad v. Anderson*, 143 F.3d 942, 946 (5th Cir. 1998).

To prove deficient performance, the petitioner must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. A federal court must view the case based upon the circumstances

---

[2] Smith had the same counsel, Jack Jones, both at trial and on appeal.

existing at the time, rather than with the crystal clarity of hindsight. *Lavernia v. Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988); *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994). The court must presume that counsel has exercised reasonable professional judgment. *Strickland*, 466 U.S. at 689; *Martin v. McCotter*, 796 F.2d 813, 187 (5th Cir. 1986).

To prove prejudice, the petitioner must show that the result of the proceedings would have been different or that counsel's performance rendered the result of the proceeding fundamentally unfair or unreliable. *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir.), *cert. denied*, 116 S.Ct. 557 (1995); *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993); *Sharp v. Johnson*, 107 F.3d 282, 286 n.9 (5th Cir. 1997). To meet the prejudice prong, petitioner must affirmatively prove prejudice. *Bonvillain v. Blackburn*, 780 F.2d 1248, 1253 (5th Cir.), *cert. denied*, 476 U.S. 1143 (1986). Counsel's performance is considered deficient if "it falls below an objective standard of reasonableness" as measured by professional norms. *Strickland*, 466 U.S. at 688. The petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted).

The petitioner claims in Ground Three that counsel was ineffective because he did not: (1) File adequate pretrial motions for a change of venue and to suppress the petitioner's statement to Detective McKenzie; (2) subpoena records and witnesses; or (3) conduct sufficient pre-trial investigation. The petitioner thus argues that defense counsel failed to subject the state's case to meaningful adversarial testing. He also claims that he was entitled to a change of venue due to "prejudicial inflammatory publicity" surrounding his case. Unfortunately for the petitioner, these claims find no support in the record.

During *voir dire*, the trial judge asked the venire whether they had been exposed to any pretrial publicity, "Anybody heard or read anything about this case? Nobody knows anything about it? Good." S.C.R., Vol. 3, pp. 33-34. Based on the unanimous reaction of the venire, the potential jurors had no knowledge of the case. Thus, the petitioner presents no evidence to support his contention that a motion for change of venue was warranted.

As discussed below in Ground Five, a pretrial motion to suppress the petitioner's statement to Detective McKenzie would also have been meritless. The petitioner blurted out the statement without provocation – and thus use of the statement did not violate the petitioner's Fifth Amendment rights. As such, a challenge to the use of that statement would have been without merit. Attorneys need not file meritless motions. *United States v. Gibson,* 55 F.3d 173, 179 (5th Cir. 1995). This claim of ineffective assistance of counsel must be dismissed.

The petitioner also claims in Ground Three that counsel should have subpoenaed phone records and witnesses. First, counsel actually introduced the petitioner's cellular phone records (S.C.R., Vol. 4, pp. 205-207) and, in fact, subpoenaed at least two witnesses. S.C.R., Vol. 1, pg. 87. These undisputed facts obviously weigh against the petitioner's claim. Also, the petitioner does not specify which witnesses or records counsel should have requested; as such, his allegations are merely conclusory. "[C]onclusory allegations do not raise a constitutional issue in a habeas proceeding." *Schlang v. Heard,* 691 F.2d 796, 798 (5th Cir.1982). "Complaints of uncalled witnesses are not favored in federal *habeas corpus* review because allegations of what a witness would have testified are largely speculative. [Citation omitted.] Where the only evidence of a missing witness's testimony is from the defendant, this Court views claims of ineffective assistance with great caution." *Sayre v. Anderson,* 238 F.3d 631, 635-636 (5th Cir.

2001) (citations omitted). For these reasons, the petitioner's claim that counsel should have called witnesses and subpoenaed telephone records is without merit and shall be dismissed.

The petitioner's claim that counsel failed to conduct any pretrial investigation is likewise without merit. Smith alleges that counsel did not investigate either the state or defense witnesses – arguing that witness Roy Parker gave inaccurate information regarding the timing the victim G.P.'s enrollment in a local school.³ The record reveals that G.P. had been enrolled in that school at a time prior to the incident and re-enrolled sometime after the abuse occurred. S.C.R., Vol. 4, pg 156. The petitioner's arguments that counsel should have introduced evidence of G.P.'s past misbehavior (alleged harassment of a schoolmate via the computer) is also unfounded. Under MISS. R. EV. 404(a)(2), the accused would be allowed to offer evidence of a pertinent character trait of the victims. The court cannot discern how evidence of G.P.'s alleged harassment of a classmate would be a pertinent character trait regarding the petitioner's subsequent sexual abuse of her. Such evidence would not have benefitted the defense in this case. As such, this claim shall be dismissed with prejudice.

The petitioner also argues that counsel should have investigated G.P's past for history of untruthfulness because, according to the petitioner, she lied repeatedly on the stand. Again, the petitioner does not specify what type of investigation should have been conducted. As such, this claims shall be dismissed with prejudice.

Finally, the petitioner claims that counsel should have investigated rumors that G.P. had previously accused someone else of fondling her. Counsel, however, made such an investigation. S.C.R., Vol. 3, pp. 24-25. As such, the petitioner's claim must be dismissed for want of

---

³ There were two victims in this case; the court shall refer to them by their initials.

substantive merit.

In the instant case, counsel conducted a thorough pretrial investigation. Indeed, the prosecution provided defense counsel with the Horn Lake Police Department's reports concerning this case – as well as statements from each of the witnesses. S.C.R., Vol. 1, pg. 17. The petitioner argues that counsel failed to "subject the prosecution's case to meaningful adversarial testing," resulting in "a denial of Sixth Amendment rights" and renders "the adversary process itself presumptively unreliable." *U.S. v. Cronic*, 466 U.S. 648, 659, 104 S.Ct. 2039 (1984). On the other hand, "there is generally no basis for finding a Sixth Amendment violation unless the accused can show how specific errors of counsel undermined the reliability of the finding of guilt." *Id.* at n. 26. The petitioner has not presented evidence and argument to support a claim under the *Strickland* standard (under which he must prove prejudice from counsel's alleged errors); as such, his attempt to use the higher *Cronic* standard (under which prejudice is presumed) must fail.

In a portion of Ground Four, the petitioner argues that counsel was ineffective for allowing the state to knowingly introduce false testimony into evidence. As discussed below, however, this allegation is without merit. Thus, any such objection by counsel would have been unfounded, and counsel cannot be faulted for failing to raise a meritless objection. *See Clark v. Collins*, 19 F. 3d 959, 966 (5th Cir. 1994) (failure to raise meritless objections is not ineffective assistance of counsel).

In another part of Ground Four, the petitioner argues that counsel should have investigated the fact that a third victim decided not to testify. As a result, the state chose to dismiss one of the charges against the petitioner. The petitioner argues that counsel should have

sought out information regarding this third victim – and used the evidence to impeach the credibility of government witnesses. Put simply, such a strategy is irrational. Whatever tiny benefit the petitioner would have gained from impeachment would have been obliterated by the jury's knowledge of the petitioner's predation on yet another young victim. Counsel's trial strategy to avoid mention of the petitioner's other acts of child sexual abuse was sound. As such, this claim shall be dismissed with prejudice.

In part of Ground Seven, the petitioner claims that counsel was ineffective for choosing not to argue that the state knowingly withheld discovery information in violation of *Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). For the reasons discussed below, this claim is without substantive merit. As such, counsel cannot be considered ineffective for failing to raise a meritless argument. *Clark v. Collins*, 19 F.3d at 966.

The petitioner has not proven that counsel's performance was deficient. As such, the court shall not discuss whether the petitioner suffered prejudice from counsel's actions, and all of the petitioner's claims of ineffective assistance of counsel shall be dismissed with prejudice.

### Ground Four: The Prosecution Knowingly Introduced False Testimony

The petitioner claims in Ground Four that the prosecution knowingly introduced false testimony. In order to prove this claim, the petitioner must show that the prosecution presented material evidence to the jury which the state knew, through either actual or constructive knowledge, to be false. *Napue v. Illinois*, 360 U.S. 264, 269-270, 79 S.Ct. 1173 (1959); *U.S. v. Martinez-Mercado*, 888 F.2d 1484, 1492 (5th Cir. 1989). In other words, the petitioner must show that the testimony at issue was (1) material to the case, (2) false, and (3) that the prosecution knew the testimony to be false. *Id.* The petitioner has not met his burden of proof

for this claim.

The petitioner alleges that the prosecution knowingly allowed Detective Danielle McKenzie to commit perjury because she testified that during the petitioner's arrest he made a statement about the victims. S.C.R., Vol. 4, pp. 169-175. The statement in question was unsolicited; he claimed "that nothing between the females was against their will." S.C.R., Vol. 1, pg. 45. The petitioner focuses on the date he made the statement. According to the petitioner, Detective McKenzie testified at trial that his statement was made at the time of arrest, June 21, 2002, while her written "Detective Case Narrative" stated that the comment was made on June 24, 2002. *Id.* The record reveals, however, that Detective McKenzie never specified the of the statement; instead, she testified that the petitioner made the incriminating statement immediately after she explained the charges to him. S.C.R., Vol. 4, pg. 170. McKenzie's testimony is consistent with her written narrative, which said that the petitioner was arrested on June 21, 2002, transported to the Horn Lake Sheriff's Department and on June 24, 2001, was brought to the Horn Lake Police Department where "[t]he case was explained to him and the charges discussed," at which time the petitioner blurted out his involvement with the victims. S.C.R., Vol. 1, pg. 45. Clearly, Detective McKenzie did not offer *false* testimony. More importantly, the petitioner has presented no evidence that the prosecution knowingly introduced false testimony.

Finally, the testimony was not germane to the case. The petitioner has not denied making the statement; he argues only that the police had not explained his rights at the time he gave it, (an issue discussed below). Therefore, the Mississippi Supreme Court's decision that this claim was without merit was neither contrary to, nor did it involve an unreasonable application of,

clearly established federal law, as determined by the Supreme Court of the United States. Additionally, this decision was not based on an unreasonable determination of the facts in light of the evidence. Therefore, the petitioner's claims for relief in Ground Four shall be dismissed with prejudice.

### Ground Five: *Miranda* Violation

In Ground Five, the petitioner argues that his Fifth Amendment rights were violated when he made the statement discussed above to Detective McKenzie. The petitioner argues that McKenzie's explanation of the charges against him amounted to custodial questioning. Thus, he argues, as he was not read his rights a second time before he made the statement, his constitutional rights were violated. The prosecution may not use any statement by a defendant during custodial interrogation – unless certain constitutional rights have been explained to and waived by that defendant. *Miranda v. Arizona*, 384 U.S. 436, 444-445, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). On the other hand, "[v]olunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding [in *Miranda*]." *Id*. at 478.

In this case, the police read the petitioner his *Miranda* rights on June 21, 2002. S.C.R., Vol. 1, pg. 59. In order to trigger a *Miranda* violation, the police must interrogate the suspect. In this case no one interrogated the petitioner when he made the statement. Detective McKenzie was merely explaining the charges against Smith. McKenzie did not ask the petitioner any questions and did not elicit the statement. The petitioner's voluntary statement thus did not violate the *Miranda* rule. *Gissendanner* 482 F.2d at 1300.

In addition, the police had already read the petitioner his *Miranda* rights when they arrested him; as such, they were under no obligation to read them to him again immediately before questioning him. *Id.* As such, the Mississippi Supreme Court's decision that the petitioner's Fifth Amendment rights were protected was neither contrary to, nor did it involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Nor was the decision based upon an unreasonable determination of the facts in light of the evidence. Thus, the petitioner's claims in Ground Five shall be dismissed with prejudice.

## Ground Seven: Denial of Due Process –
## Knowingly Withholding Exculpatory Evidence

In Ground Seven, the petitioner claims that he was denied his right to due process when the prosecution knowingly withheld exculpatory evidence – a report clearing the petitioner of possessing pornography on his business computer. Upon receiving this information, the state amended the indictment, dropping the pornography charge. "[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).

The Fifth Circuit has discussed the details of a *Brady* claim:

To establish a *Brady* claim, a habeas petitioner must demonstrate that (1) the prosecution suppressed evidence, (2) the evidence was favorable to the petitioner, and (3) the evidence was material. *U.S. v. Ellender*, 947 F.2d 748, 756 (5th Cir. 1991) (citations omitted). In assessing the materiality of suppressed evidence, the Supreme Court explained that "evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *U.S. v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375, 3383, 87 L.Ed.2d 481 (1985). "A 'reasonable probability' is a

> probability sufficient to undermine confidence in the outcome." *Id.*, at 682, 105 S.Ct. at 3383. Recently, the Court further observed that a "reasonable probability" of a different result is shown when the non-disclosure "could reasonably be taken to put the whole case in such a different light as to undermine confidence in the jury verdict." *Kyles v. Whitley*, 514 U.S. 419, ----, 115 S.Ct. 1555, 1566, 131 L.Ed.2d 490 (1995) (footnote omitted). "[A] showing of materiality does not require demonstration by a preponderance that disclosure of the suppressed evidence would have resulted ultimately in the defendant's acquittal." *Id.* at ----, 115 S.Ct. at 1566. Finally, the materiality inquiry is applied to "the suppressed evidence collectively, not item-by-item." *Id.* at ----, 115 S.Ct. at 1567.

*Spence v. Johnson*, 80 F.3d 989, 994-995 (5th Cir. 1996) . "'[T]he materiality of *Brady* evidence depends almost entirely on the value of the evidence relative to the other evidence mustered by the State.'" *Id.* at 995 (citations omitted). The rule "applies only to impeachment and exculpatory evidence; neutral or inculpatory evidence lies outside its coverage." *U.S. v. Nixon*, 881 F.2d 1305, 1308 (1989). A *Brady* violation does not automatically entitle a petitioner to a new trial. *Id.*

The petitioner claims in Ground Seven that "[t]he prosecution was in possession of a report clearing the Petitioner of pornography on his business computer which resulted in the Amendment of the indictment and consequently the charge being dropped." This evidence has no bearing on the charges for which the petitioner tried and conviction – fondling and sexual battery. In addition, the evidence of the dropped charge had no potential for impeachment because the state and defense agreed before trial not to mention the internet pornography. S.C.R., Vol. 3, pp. 7-9. Finally, no evidence in the record suggests that the prosecution suppressed this information.

The petitioner also argued that a third victim failed to testify – causing the state to drop one of the charges against the petitioner. The petitioner only discussed this claim in terms of

ineffective assistance of counsel, which the court discussed in the sections above.

For the reasons set forth above, the Mississippi Supreme Court's decision to deny the claims in Ground Five was neither contrary to, nor did it involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Nor was the decision based upon an unreasonable determination of the facts in light of the evidence. As such, the petitioner's claims in Ground Seven shall be dismissed with prejudice.

### The Petitioner's Request for an Evidentiary Hearing

Finally, the petitioner has requested an evidentiary hearing. When a federal *habeas* petitioner has failed to develop the factual basis of a claim, his entitlement to an evidentiary hearing is restricted to the narrow exceptions of subsection (e)(2), which provides:

> 2. If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the application shows that–
>
>     (A) the claim relies on–
>
>         (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>         (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
>     (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). These exceptions apply where the failure to develop the facts of claim is solely the result of a decision or omission of the petitioner himself. *Murphy v. Johnson*, 205 F.3d 809, 815 (5th Cir. 2000). Overcoming the restrictions in § 2254(e)(2) does not, however,

guarantee a petitioner an evidentiary hearing, it merely "opens the door for one;" the district court retains the discretion to grant or deny an evidentiary hearing. *Id.* Further, a full and fair hearing does not necessarily require live testimony; a paper hearing can be sufficient to afford a petitioner a full and fair opportunity to present factual issues pertinent to his case. *Id., see also Perillo v. Johnson*, 79 F.3d 441, 444 (5th Cir. 1996). Finally, where a district court has before it enough facts to make an informed decision regarding the merits of a claim, the court does not abuse its discretion in refusing to grant an evidentiary hearing, even where the state court made no explicit factual findings. *McDonald v. Johnson*, 139 F.3d 1056, 1060 (5th Cir. 1998).

The court has reviewed the file and records of this case, has applied the analysis above, and has not encountered any claims the petitioner raises requiring an evidentiary hearing. The petitioner has presented his claims in written form, and the court has enough facts from which it can make an informed decision. For this reason the petitioner's request for evidentiary hearing shall be denied.

In sum, the instant petition for a writ of *habeas corpus* shall be dismissed with prejudice, and the petitioner's request for an evidentiary hearing shall be denied. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 23rd day of July, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE